```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #:
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 5/5/10
------------------------------------------------X
                                            :
SID HENNING,
                                            :
                     Plaintiff,                     09 Civ. 08980 (RJS) (DF)
                                            :
        -against-                                   REPORT AND
                                            :       RECOMMENDATION
THE CITY OF NEW YORK DEPARTMENT
OF CORRECTIONS, et al.,                     :

                     Defendants.            :
------------------------------------------------X
```

## TO THE HONORABLE Richard J. Sullivan, U.S.D.J.:

Based on the failure of plaintiff Sid Henning ("Plaintiff") to prosecute this case, as further described below, I recommend that this action be dismissed, *sua sponte* and without prejudice.

## BACKGROUND

Plaintiff, proceeding *pro se,* commenced this action in September 2009, by filing a Complaint alleging, *inter alia,* that the City of New York Department of Corrections and various of its members (collectively, "Defendants") failed to protect him by placing him in housing that was unsafe because of threats directed at him by other inmates, and assaulted him in retaliation for filing a grievance, in violation of 42 U.S.C. § 1983 and of his Fourth, Fifth, Eighth and 14th Amendment rights. (*See* Complaint, dated Sept. 28, 2009 (Dkt. 2).) At the time that he filed his Complaint, Plaintiff was incarcerated, and he also filed an application for leave to proceed *in forma pauperis,* which was granted by the Court. (*See* Dkt. 1.) In November 2009, the case was referred to me for general pretrial supervision. (Dkt. 3.) On December 23, 2009, the Court granted Defendants an extension of time to answer or otherwise respond to the Complaint (Dkt. 6), and Defendants filed an Answer in February 2010 (Dkt. 16).

The Court mailed a copy of its December Order to the Plaintiff at the address provided in his Complaint, but it was returned to the Court, marked "return to sender." Further, defense counsel has reported that he has been unable to contact Plaintiff, as his mail has also been returned as undeliverable. Since December, this Court has made several attempts to locate Plaintiff, but has not been successful. Based on conversations with the Court's *Pro Se* Office and defense counsel, it is the Court's understanding that Plaintiff was released from custody subsequent to his filing of the Complaint, but did not leave a forwarding address. The Court has received no further correspondence or communication from Plaintiff since his initial filing, and Plaintiff has not provided the Court with any new information as to how he may be reached.

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). If a plaintiff fails to do so, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. *See* Fed. R. Civ. P. 41(b). In fact, "[a] plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" where a plaintiff fails to prosecute his case or to comply with any court order, the Court need not wait for a defendant to file such a motion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1962); *Lyell Theatre*, 682 F.2d at 42; *Reynel v. Barnhart*, No. 01 Civ. 6482 (RLE), 2002 U.S. Dist. LEXIS 16498, at *2-3 (S.D.N.Y. Sept. 3, 2002). Moreover, the Court is not required to provide notice of the dismissal. *See West*, 130 F.R.D. at 524. As courts in this Circuit have held, "such dismissal is largely a matter of the judge's discretion." *Id.* Indeed, because district courts are

2

"necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should ordinarily consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)). "Courts have repeatedly recognized," though, "that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." *Fate v. Doe*, No. 07 Civ. 9256 (JSR) (GWG), 2008 U.S. Dist. LEXIS 30780, at *4 (S.D.N.Y. Apr. 16, 2008) (Report and Recommendation) (collecting cases), *adopted by*, 2008 U.S. Dist. LEXIS 51444 (S.D.N.Y. July 7, 2008). Parties, including *pro se* plaintiffs, have a responsibility to alert the Court of any change in address. *Alomar v. Lt. Recard, et al.*, No. 07 Civ. 5654 (CS) (PED), 2009 U.S. Dist. LEXIS 124817, at *5-6 (S.D.N.Y. Dec. 16, 2009) (Report and Recommendation) ("The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" (internal citation omitted)), *adopted by*, 2010 U.S. Dist. LEXIS 11156 (S.D.N.Y. Feb. 8, 2010). "[C]ourts have routinely dismissed cases for failure to prosecute where a *pro se* plaintiff fails to notify the court of a change in address." *Richardson v. Corrections Officer*

3

*J. McTurner, et al.*, 07 Civ. 3989 (RWS), 2009 U.S. Dist. LEXIS 80637, at \*3 (S.D.N.Y. Sept. 2, 2009) (collecting cases).

Here, Plaintiff has taken no action to prosecute his case since he filed his Complaint in September 2009, more than seven months ago, and has failed to provide a current address where he may be reached. Given that Plaintiff "has provided no method by which the Court can inform him of his obligations in this case," and has not contacted the Court for an extended period of time, it is unlikely that a lesser sanction than dismissal would be effective. *Fate*, 2008 U.S. Dist. LEXIS 30780, at \*4 (dismissing action for failure to prosecute where *pro se* plaintiff did not provide a forwarding address or telephone number). Under the circumstances, dismissal of the action is warranted under Rule 41(b).

Because Plaintiff is proceeding *pro se,* however, I recommend that his claims be dismissed without prejudice. *See Reynel*, 2002 U.S. Dist. LEXIS 16498, at \*3 ("Given the plaintiff's *pro se* status, the Court deems it proper in this case that dismissal be without prejudice."). It would be especially appropriate here to dismiss Plaintiff's claims without prejudice, given that he seems to have been in and out of prison and may again be incarcerated. If Plaintiff can offer some reasonable explanation for his failure to keep the Court apprised of his whereabouts or to pursue this action, Plaintiff should be permitted to do so.

## CONCLUSION

For the reasons set forth above, I recommend that all claims asserted in the Complaint in this action be dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, United States Courthouse, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
      May 5, 2010

                            Respectfully submitted,


                            DEBRA FREEMAN
                            United States Magistrate Judge

Copies To:

The Honorable Richard J. Sullivan, U.S.D.J.

Mr. Sid Henning
#349-09-06451
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, NY 11370

Brian J. Farrar, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY  10007